**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLOS HICKS,

    Petitioner,

        v.                                               Case No. 17-10384

WILLIE SMITH,

    Respondent.

                                               /

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Carlos Hicks, presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) Petitioner challenges his conviction for assault with intent to commit murder, felon in possession of a firearm, and felony-firearm.

On February 8, 2017, Magistrate Judge R. Steven Whalen signed an "Order to Correct Deficiency," in which Petitioner was ordered to submit a $5.00 fee for filing a habeas corpus petition or an application to proceed *in forma pauperis* within twenty one days. (Dkt. # 3.) On February 13, 2017, Magistrate Judge Whalen signed a second "Order to Correct Deficiency," in which Petitioner was ordered to submit two copies of his habeas petition so the Clerk of the Court could serve Respondent and the Michigan Attorney General's Office. (Dkt. # 4.) Petitioner was given thirty days to comply with this second order. Petitioner was also warned that failure to comply with either order could result in dismissal of his action. To date, Petitioner has failed to comply with either deficiency order. Accordingly, the court will dismiss the petition without prejudice.

If a prisoner who seeks habeas corpus relief does not comply with a district court's directions in a deficiency order regarding the prisoner's failure to pay the full filing fee and his failure to provide the required documentation to apply to proceed *in forma pauperis*, the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution. *See Gravitt v. Tyszkiewicz,* 14 F. App'x. 348, 349 (6th Cir. 2001) (citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997)). Magistrate Judge Whalen's first deficiency order clearly stated that Petitioner was required to submit either the filing fee or an application to proceed *in forma pauperis*. The deficiency order also expressly warned Petitioner that failure to comply with the order could result in the dismissal of his action. (*See* Dkt. # 3.) Because Petitioner failed to pay the filing fee or submit the required application to proceed *in forma pauperis*, his petition is subject to dismissal for want of prosecution. *Gravitt,* 14 F. App'x. at 349.

The application is similarly flawed for failing to comply with the second deficiency order. The habeas rules require the Clerk of the Court to serve a copy of the habeas petition and a copy of any order requiring responsive pleadings on the respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases. Failure to do so justifies dismissal. *See, e.g.*, *Moore v. Hawley,* 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998).

A district court may *sua sponte* dismiss a habeas action pursuant to Federal Rule of Civil Procedure 41(b) for a habeas petitioner's failure to prosecute or to comply with a court order. *See Adams v. Justice,* 145 F. App'x. 889, 890 (5th Cir. 2005); *Norlander v. Plasky,* 964 F. Supp. 39, 41 (D. Mass. 1997). Because Petitioner has failed to comply

with two dismissal orders, the court will, *sua sponte*, dismiss the petition for writ of habeas corpus without prejudice.

The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Because the dismissal of the petition based on Petitioner's failure to cure his filing deficiencies would not be debatable amongst jurists of reason, *see Soeken v. Estep,* 270 F. App'x. 734, 735-36 (10th Cir. 2008), the court will decline to issue a certificate of appealability.

IT IS ORDERED that the Petitioner's February 8, 2017 "Petition for Writ of Habeas Corpus" (Dkt. # 1) is DISMISSED WITHOUT PREJUDICE. Nothing in this order

precludes Petitioner from submitting a new habeas petition with payment of the filing fee or the *in forma pauperis* application.

    The court DECLINES to issue a certificate of appealability.

                                                    s/Robert H. Cleland               /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: April 10, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 10, 2017, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                  /
                                                    Case Manager and Deputy Clerk
                                                    810-292-6522