# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARLOS HICKS,

    Petitioner,

v.                                                Case No. 2:17-CV-10384

WILLIE SMITH,

    Respondent,
_____/

**OPINION AND ORDER: (1) DISMISSING AS DUPLICATIVE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Carlos Hicks, ("Petitioner"), incarcerated at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm in the commission of a felony.

Respondent filed a motion to dismiss, on the ground that the petition is duplicative of another habeas petition previously filed by petitioner. For the reasons that follow, the petition is SUMMARILY DISMISSED AS DUPLICATIVE.

## I. BACKGROUND

Petitioner previously filed a petition for writ of habeas corpus, which challenged the same conviction and sentence. On August 25, 2014, the petition was held in abeyance by Judge Lawrence P. Zatkoff while petitioner returned to the state courts to exhaust additional claims. *See Hicks v. Smith,* No. 2:13-CV-11708 (E.D. Mich. Aug. 25,

2014). The stay was conditioned upon petitioner re-filing his habeas petition within sixty days of the conclusion of state post-conviction proceedings.

On February 3, 2017, after exhausting his claims in the state courts, petitioner filed the current petition, in which he raised two claims that were different than the one that he raised in his earlier petition before Judge Zatkoff. The case was originally assigned to Judge Robert H. Cleland. On April 10, 2017, Judge Cleland dismissed the petition without prejudice because petitioner failed to comply with two deficiency orders. However, on June 8, 2017, Judge Cleland ordered the Clerk of the Court to reopen the case after petitioner corrected the filing deficiencies.

At the same time that this case was pending before Judge Cleland, petitioner filed the identical petition in a third case, which was assigned under Case # 17-10947 to Judge Bernard A. Friedman. Judge Friedman dismissed the petition as duplicative and ordered the petition be re-filed in Case # 13-11708, which had been re-assigned to this Court as Judge Zatkoff's successor.

On May 31, 2017, this Court construed the new petition that had been filed before Judge Friedman as a motion to lift the stay of proceedings in his case. The Court denied the motion to lift the stay because petitioner failed to file his amended habeas petition within sixty days of the conclusion of his state court post-conviction proceedings, as the original stay of proceedings had mandated. Petitioner's original habeas petition, however, remains pending before this Court.

On February 13, 2018, this case was reassigned to this Court by Judge Cleland.

## II. DISCUSSION

The instant petition is subject to dismissal because it is duplicative of petitioner's pending habeas action in Case # 13-11708.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id.; See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, * 1 (6th Cir. Mar. 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Warren v. Booker*, No. 06-CV-14462-DT, 2006 WL 3104696, at * 1 (E.D. Mich. Oct. 31, 2006)(same). The instant petition challenges the same convictions and raises the same claims as the petition in the case pending before this Court in petitioner's previously filed habeas petition. Accordingly, this petition for writ of habeas corpus will be dismissed.

## III. CONCLUSION

The Court will summarily dismiss the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition

should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because his current petition is duplicative of his still pending habeas petition. *See Maske v. Murphy*, 357 F. App'x. 981, 982-83 (10th Cir. 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

IT IS ORDERED that the petition is SUMMARILY DISMISSED.

Petitioner is denied a certificate of appealability or leave to appeal *in forma pauperis.*

Dated:  March 7, 2018                              s/ Sean F. Cox
                                                   Sean F. Cox
                                                   United States District Judge

I hereby certify that on March 7, 2018, the document above was served on counsel of record via electronic means and upon Carlos Hicks via First Class Mail at the address below:

Carlos Hicks
281347
RICHARD A. HANDLON CORRECTIONAL FACILITY
1728 BLUEWATER HIGHWAY
IONIA, MI 48846

                                                                            s/Jennifer McCoy
                                                                            Case Manager